VICENS ET AL., PETITONERS AND RESPONDENTS, *v.* CRUZ ET AL.,
CONTESTANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in a case of judicial
administration of the estate of a deceased.

No. 1028.—Decided March 26, 1914.

ADMINISTRATION—JURISDICTION.—In accordance with section 83 of the Law of
Special Legal Proceedings of 1905, the court of the district of the last resi-
dence of the deceased or the district in which his property is located has
jurisdiction over the judicial administration of the estate of a deceased
person.

ID.—CHANGE OF VENUE—CONTRADICTORY EVIDENCE—RESIDENCE.—When applica-
tion is made for a change of venue in judicial administration proceedings
of the property of a deceased person on the ground that his last residence
was within another district and the court decides the conflict in the evidence
by holding that the residence was within its district, this court will not
disturb that finding.

ID.—JUDICIAL DEFENSOR—TUTOR.—A petition to a court for the appointment of
a judicial defensor of a minor and of a tutor for another, does not imply
necessarily the bringing of judicial administration proceedings, hence it does
not prevent the bringing of judicial administration proceedings in another
district where the deceased had his last residence.

The facts are stated in the opinion.
*Mr. Gustavo Rodríguez* for respondents.
*Mr. José Tous Soto* for appellant.
MR. JUSTICE ALDREY delivered the opinion of the court.

Margarita Vicens, widow of Rafael Cruz, applied to the
District Court of Ponce for a judicial administration of the
estate of her deceased husband, alleging, among other things,
that the death of her husband occurred in Guánica which was
his last place of residence.  Subsequently Rafael Cruz San-

tiago o Mora, one of the offspring of the first marriage of the deceased, moved the said court to refuse jurisdiction of said proceedings and to transfer the same to the District Court of Mayagüez, on the ground that although his father died in Guánica he was a resident of Lajas where he had always been domiciled and also because the widow who brought the proceedings had applied to the District Court of Mayagüez previously and obtained therefrom the appointment of a defensor for her minor son and of a tutor for other acknowledged natural children of the deceased.

After a hearing on this motion, at which evidence was introduced, the District Court of Ponce, holding that it had been proven satisfactorily that Guánica was the last residence of the deceased, Rafael Cruz, and that he had left considerable property there, ruled that it had jurisdiction of the proceedings and denied the change of venue requested. The present appeal was taken from that decision.

There are two assignments of error, namely: That the lower court was absolutely without jurisdiction because the last residence of the deceased was within the district of Mayagüez and that while both courts had concurrent jurisdiction, the Mayagüez court had already acquired jurisdiction when the widow filed therein the petitions for the appointment of a defensor and a tutor.

As to the first error alleged, the trial court having decided the conflict in the evidence on this point to the effect that Guánica was the last residence of Rafael Cruz, we must consider that that fact was proven. Therefore, as section 23 of the Act relating to Special Legal Proceedings confers jurisdiction of proceedings for the judicial administration of the estate of a deceased person upon the court of the district of the last residence of the decedent or of the district in which his property is situated, the District Court of Ponce had jurisdiction, because, as Guánica was the last residence of the deceased and is within the judicial district of Ponce, the petition was filed in that court.

As to the second error alleged, the petitions of Margarita Vicens to the District Court of Mayagüez for the appointment of a defensor for her minor son and of a tutor for the natural children who had been acknowledged by her spouse, did not initiate intestate proceedings, because judicial administration is not a necessary consequence of such petitions, but proceedings therefor are begun by filing a petition to that effect, from which petition flow the other steps prescribed by law until the conclusion of the proceedings.

Therefore, the only proceedings of that nature are those begun before a court which had jurisdiction and from which this appeal was taken.

The decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.